IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NO. 1:12-CV-00343

| | |
|---|---|
| ALLAN COOPER, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMAND** |
| vs. ) | |
| ) | |
| NORTH CAROLINA CENTRAL ) | |
| UNIVERSITY, ) | |
| Defendant. ) | |
| ) | |

NOW COMES the Plaintiff, Allan Cooper ("Plaintiff"), by and through undersigned counsel, and alleges as follows:

## INTRODUCTION

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. ("Title VII").

2. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

4. On or about August 24, 2011, Plaintiff filed a Charge of Discrimination based on race with the United States Equal Employment Opportunity Commission ("EEOC").

5. The EEOC issued Plaintiff a Notice of Suit Rights on January 10, 2012.

6. Plaintiff has fully exhausted all administrative remedies.

## PARTIES

7. Plaintiff is a resident of Medina county, Ohio.

8. Plaintiff is a Caucasian male.

9. Upon information and belief, North Carolina Central University ("NCCU") is a North Carolina state supported liberal arts university located in Durham county, North Carolina.

10. Upon information and belief, NCCU has employed more than 500 employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

11. NCCU is an "employer" within the meaning of Title VII.

## ALLEGATIONS

12. In the spring of 2010, Plaintiff was contacted by NCCU's Director of Internal Affairs ("Director"). The Director informed Plaintiff that a job would be posted in the late summer and he encouraged Plaintiff to apply for the position.

13. On September 8, 2010, Plaintiff submitted a letter of application and his curriculum vitae for consideration for the position of Chair of the Political Science Department.

14. On January 25, 2011, Plaintiff participated in a phone interview with members of NCCU's Political Science Department.

15. On February 17, 2011, Plaintiff traveled to Durham, North Carolina and personally met with several professors within NCCU's Political Science Department, the Assistant Dean and the Provost. During the meeting between Plaintiff and the Provost, the Provost informed Plaintiff that some administrators and faculty members were pressuring him to not hire Caucasians for leadership positions within the university. The Provost showed Plaintiff a two-paged email on the top of his desk that the Provost stated he recently received from a faculty member protesting the number of Caucasians at the university.

16. On or about March 1, 2011, Plaintiff received a phone call from the Director. The Director informed Plaintiff that the Department of Political Science had recommended Plaintiff for the position of Department Chair. The Director informed Plaintiff that he should be contacted by the Dean soon concerning the details of the employment contract.

17. On May 17, 2011, Plaintiff contacted the Provost by electronic mail to inquire about the status of the position. The Provost responded by stating that a final decision would be made soon.

18. On July 10, 2011, The Provost contacted Plaintiff by electronic mail and stated that the search for a Department Chair would be reopened in the fall. Plaintiff was not offered the position of Department Chair.

## TITLE VII: INTENTIONAL DISCRIMINATION BASED ON RACE

19. Plaintiff incorporates by reference Paragraphs 1 through 18 as if fully set forth herein.

20. Plaintiff is a member of a protected class.

21. NCCU denied Plaintiff the position of Chair of the Department of Political Science.

22. NCCU denied Plaintiff the position of Chair of the Department of Political Science because Plaintiff is Caucasian.

23. NCCU's actions constitute intentional discrimination on the basis of race in violation of Title VII.

24. Plaintiff is entitled to have and recover from NCCU an injunction enjoining NCCU, its agents, employees, successors, attorneys and those acting in concert or participation with NCCU from engaging in the unlawful practices set forth herein and, any other employment practice shown to be in violation of Title VII.

25. Plaintiff is also entitled to have and recover from NCCU compensatory damages for pecuniary and non-pecuniary losses including lost wages, mental and emotional distress and other damages as a proximate result of NCCU's intentional discrimination.

26. Plaintiff is also entitled to recover reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff, Allan Cooper, demands a trial by jury of all issues so triable and, respectfully prays the Court to have and recover from Defendant, North Carolina Central University, as follows:

1. An injunction enjoining NCCU, its agents, employees, successors, attorneys and those acting in concert or participation with NCCU from engaging in the unlawful practices set forth herein and, any other employment practice shown to be in violation of Title VII;

2. An award of compensatory damages, with appropriate pre and post judgment interest, for lost wages and other pecuniary and non-pecuniary damages;

3. An award of reasonable attorney's fees;

4. An award of the costs of this action;

5. An award of such other and further relief as the Court deems just and proper.

This, the 6th day of April, 2012.

By:     _/s/ LaTosha R. Barnes_
LaTosha R. Barnes
ATTORNEY FOR PLAINTIFF
N.C. Bar No. 39519
The Law Office of L. R. Barnes, PLLC
2530 Meridian Parkway, Suite 300
Durham, North Carolina 27713
Telephone: (919) 806-4797
Facsimile: (919) 237-9257
Email: lrbarnes@lrbarneslaw.com